UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID POLNITZ,

        Defendant.

Case No. 17-cr-201-pp

_____

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER SECTION 18 USC §3582 (DKT. NO. 105)**
_____

On November 27, 2018, after a two-day trial, a jury convicted the defendant of being a felon in possession of a firearm and of assaulting and intimidating a postal carrier. Dkt. No. 60. The charges arose of an incident in which the postal carrier sprayed the defendant's dog, and in response, the defendant threatened the postal carrier with a gun.

Under the United States Sentencing Guidelines, the defendant's offense level was 24 and his criminal history category was II, which resulted in an advisory sentencing range of 57 to 71 months. Dkt. Nos. 86, 99. The government asked the court to sentence the defendant to sixty-six months; defense counsel recommended a non-custodial sentence. Dkt. No. 99 at 2. The court imposed a sentence of thirty-six months—twenty-one months below the low end of the guideline range, and thirty months less than the government had recommended. Dkt. Nos. 99 at 2; 100. The court was aware, at that time, that the defendant had severe back problems as a result of prior spinal fusion

1

surgery, and that he had mental health issues; in fact, the court recommended in the judgment that the Bureau of Prisons place the defendant in the Federal Medical Center at Rochester Minnesota, or in another FMC as close as possible to the Eastern District of Wisconsin. Dkt. No. 100 at 2. The court also allowed the defendant to self-surrender to serve his sentence. Dkt. No. 99 at 2.

On March 2, 2020, the court received this motion from the plaintiff, asking the court to reduce his sentence under 18 U.S.C. 3582 based on his medical condition. Dkt. No. 105. The plaintiff says that he's at "Terminal Federal Correctional Facility" in San Pedro, California. (The Terminal Island Correctional Institution is a low-security facility in San Pedro.) Id. at 3. The plaintiff says that he has severe back pains as a result of the spinal surgery, as well as nerve damage and hip joint deterioration; he says sometimes he can barely walk or move. Id. at 4. He indicates that he suffers from depression, indicating that he has lost four family members. Id. (In August 2019, the court recommended to the Bureau of Prisons that it furlough the defendant so that he could attend his son's funeral. Dkt. No. 103.) He reminds the court that earlier in his life, he'd been diagnosed with paranoid schizophrenia, PTSD and bi-polar disorder. Id. He says that the sort of care he needs can only be obtained outside of prison. Id. at 5. The defendant also shares with the court the classes he's taken while in custody and his reentry plan. Id.

The First Step Act says that a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

2

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable if it finds that—extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i).

The statute says that a court may reduce someone's sentence "upon motion of the Director of the Bureau of Prisons." The director of the BOP did not file this motion. The statute also says that the court may reduce someone's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." The defendant made this motion, but he has not shown that he asked the Bureau of Prisons for compassionate release, or that the BOP denied his request or that he appealed that denial. Before this court can consider the defendant's request, he must ask the Bureau of Prisons for compassionate release.

Even if the defendant had asked the Bureau of Prisons for compassionate release and had exhausted his remedies after any denial, the court could not find that the defendant qualifies for compassionate release. The policy statement describing "extraordinary and compelling circumstances" is located at Section 1B1.13 of the United States Sentencing Guidelines and the accompanying application notes. The court must determine that the defendant isn't a danger to himself or to the community. U.S.S.G. §1B1.13. If the

3

defendant isn't a danger, he may be able to demonstrate "extraordinary and compelling" reasons under four circumstances. One of those reasons is that the defendant may demonstrate that he is suffering from a terminal illness or some serious physical or mental illness or impairment, including "deteriorating physical or mental health because of the aging process," which diminishes his ability to care for himself in prison and from which he is not expected to recover.

    For the sake of argument, the court will assume that the defendant could show that he is not a danger to himself or the community, although it notes that he has been convicted of the crime of threatening a member of the community with a gun. But the defendant has not demonstrated that he suffers from a terminal illness (in other words, he has not demonstrated that he is dying). Nor has he demonstrated the kind of serious physical or mental health problem that diminishes his ability to care for himself in prison and from which he is unable to recover. The court understands that the defendant suffers from pain due to his back surgery; the court knew that when it sentenced the defendant in 2018. The court understands that the defendant has a history of mental health issues, and it has no reason to doubt that the defendant suffers from depression because of losing his family members, most particularly, his son in the last seven months. But those are not the kinds of extraordinary and compelling circumstances contemplated by the First Step Act. Many inmates suffer from pain and mental illness. The court recommended that the defendant be placed at a federal medical facility as a

4

result of his physical and emotional health issues. The court notes that the defendant currently is at Terminal Island, which is not a federal medical facility. The court suspects that this is because the BOP concluded, after he was incarcerated, that the defendant's conditions did not require him to be housed at a medical center.

The court is glad to see that the defendant has been taking classes and using his time well while he has been in custody, and that he regrets what he did. But making good use of one's time in prison and regretting one's actions are not grounds for sentence reductions under the First Step Act. The court took into account, in giving the defendant a sentence almost two years below the low end of the guidelines, that he struggled with physical and mental health issues. Those issues—while hard for the defendant—do not qualify the defendant for a First Step reduction, particularly when he has not shown proof that he sought compassionate release from the BOP or that he exhausted his administrative remedies.

The court **DENIES** the defendant's motion for a reduction of his sentence under the First Step Act. Dkt. No. 105.

Dated in Milwaukee, Wisconsin this 9th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**